UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIPSON,<br>　　　　　Plaintiff,<br>　　v.<br>CLIFF ALLENBY, et al.,<br>　　　　　Defendants. | Case No. 14-cv-05288-YGR (PR)<br><br>**ORDER OF TRANSFER** |

Plaintiff, who is proceeding *pro se*, is a civil detainee at the Coalinga State Hospital ("Coalinga"), in Coalinga, California. He is detained pursuant to California's Sexually Violent Predator Act ("SVPA").

On December 2, 2014, he filed a complaint under 42 U.S.C. § 1983, complaining about the conditions of his confinement at Coalinga. He also filed a motion for leave to proceed *in forma pauperis* as well as another motion entitled, "Motion to File Civil Rights Complaint *In Forma Pauperis* Without Being Subject to Prison Law Reform Act." Dkts. 3, 4.

Here, Defendants are officials of Coalinga and of the California Department of Corrections and Rehabilitation in Sacramento, California. Both Coalinga and Sacramento lie within the venue of the United States District Court for the Eastern District of California. Venue for this case is therefore proper in the Eastern District. *See* 28 U.S.C. § 1391.

Petitioner also complains about the validity of his assessment as a sexually violent predator under the SVPA, which assessment took place in Alameda County. Challenges to the assessment itself are the province of a habeas petition, not a civil rights action, because they implicate the validity of his detention. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil

1  commitment proceedings are challenged in federal habeas corpus once state remedies have been
2  exhausted). Plaintiff may challenge the validity of his assessment in this Court, but he must do so
3  by way of a habeas petition filed in a separate action from the instant civil rights case, after
4  exhausting state judicial remedies.

   Accordingly, and in the interests of justice, this case is TRANSFERRED to the United
6  States District Court for the Eastern District of California. *See* 28 U.S.C. 1404(a), 1406(a). The
7  Clerk shall transfer the case forthwith.

   All remaining motions are TERMINATED on this Court's docket as no longer pending in
9  this district.

10  IT IS SO ORDERED.
11  Dated: January 14, 2015

   _____
   YVONNE GONZALEZ ROGERS
   United States District Judge